UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ANTHONY BROWN,

                          Petitioner,

          - against -

WOODS,

                          Respondent.
_____

```
┌─────────────────────────────────┐
│ USDS SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____                   │
│ DATE FILED: 12/8/09              │
└─────────────────────────────────┘
```

07 Civ. 10391 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

        The petitioner, Anthony Brown, filed this motion to stay his

habeas petition, seeking an opportunity to exhaust two motions in

New York State Supreme Court.  The petitioner filed the motions

pursuant to New York Criminal Procedure Law Sections 440.10-

440.20 to vacate his conviction of Robbery in the Second Degree.

Specifically, the petitioner argued that the court improperly

allowed hearsay testimony at his trial, that his Confrontation

Clause rights were violated by the introduction of a 911 call

against him without requiring the caller to appear, and that he

did not receive adequate notice that prior identification

testimony would be used against him pursuant to New York Criminal

Procedure Law Section 710.30.

        The New York State Supreme Court has denied all three of

these claims by orders dated June 26, 2008 and April 10, 2009.

Therefore, there is no basis to stay the habeas petition to allow

the petitioner to exhaust these claims.  Moreover, in order to

grant a motion to stay to allow for exhaustion of claims in state

court, the petitioner must demonstrate that:  (1) good cause

exists for failing to exhaust his claims first in state court,

(2) the claims are potentially meritorious, and (3) the

petitioner did not intentionally engage in dilatory tactics.  See

Rhines v. Weber, 544 U.S. 269, 277-78 (2005).  In this case, no

good cause was shown.  Indeed, the New York State Supreme Court

has now found that each of the petitioner's claims could have

been raised on direct appeal and therefore the petitioner could

not raise them on a collateral motion.  Because there is no

showing of good cause for having failed to raise the claims

previously, there is no basis for the petitioner's motion to

stay.

     There has been no response to the petitioner's habeas

petition.  Even though it appears that the petitioner may not

raise any additional claims, if the petitioner wishes to include

any new claims, he may file an amended habeas petition by **January

15, 2010**.  The respondent may reply to the amended habeas

petition with any argument against these claims, including that

they are untimely and procedurally barred.  The response to

either the current petition or any amended petition is due by

**March 19, 2010**.  The petitioner may reply by **April 30, 2010**.

SO ORDERED.

Dated:     New York, New York
           December 7, 2009

                              _____
                              John G. Koeltl
                              United States District Judge

2