**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
────────────────────────────────────────

**ANTHONY BROWN,**

                    **Petitioner,**           **07 Civ. 10391 (JGK)**

          **- against -**                      **MEMORANDUM OPINION**
                                               **AND ORDER**
**R.K. WOODS,**

                    **Defendant.**
────────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

Anthony Brown, the petitioner, brings this petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The

petitioner was convicted after a jury trial in New York State

Supreme Court, New York County, of Robbery in the Second Degree

(N.Y. Penal Law § 160.10(2)(a)), and was sentenced, as a second

felony offender, to a determinate prison sentence of fifteen

years imprisonment.  The judgment was entered on November 5,

2004.  The petitioner's conviction was affirmed on September 16,

2006, by the Appellate Division, First Department, and leave to

appeal to the Court of Appeals was denied.  People v. Brown, 821

N.Y.S.2d 73, 73 (App. Div. 2006), appeal denied, 869 N.E.2d 661,

661 (N.Y. 2007).

The petitioner asserts the following three claims in his

habeas corpus petition: (1) he was denied his right to testify

before the grand jury, (2) his sentence was illegal, and (3) the

prosecution did not give him proper notice that a People's

witness would be providing an in-court identification.   (Habeas

Pet. 5; Am. Habeas Pet. 1.)


                                I.

     The jury could reasonably have found the following facts.

On July 29, 2003, at approximately 4:30 p.m., the petitioner

walked into a deli located at 201 East Eighty-first Street in

Manhattan carrying a large shopping bag.   (Tr. 64-65, 69.)

While the owner of the deli, Yee Jin Kim, was at the cash

register assisting two other customers, she observed the

petitioner take some items from the salad bar and a soda from

the refrigerator.   (Tr. 68.)   When Kim next looked at the

petitioner, he was no longer holding the items from the salad

bar or the soda.   (Tr. 68-70.)   As the petitioner turned to

leave the store, Kim told him, "Wait, don't go out."   (Tr. 69.)

However, the petitioner ignored Kim and walked out of the store.

(Tr. 70.)   Kim followed.   (Tr. 71.)

     Outside, Kim asked the petitioner if she could look inside

his shopping bag.   (Tr. 72.)   The petitioner refused and

"cursed" at Kim and told her to "get away."   (Tr. 72.)   Kim

asked the petitioner several more times to show her the contents

of the bag, but the petitioner refused and instead struck Kim on

her forehead with his right arm.   (Tr. 72.)


                                2

Maria Buono, who testified at trial as a witness for the People, was standing on the corner of Eighty-first Street and Third Avenue as Kim continued to follow the petitioner. (Tr. 19, 21-23.)  Buono called the police and followed the petitioner and Kim for the rest of the exchange. (Tr. 24.)

On the corner of Eighty-second Street and Third Avenue, the petitioner hit Kim on the back of her neck. (Tr. 32.)  Kim almost fell to the ground and ceased her pursuit of the petitioner. (Tr. 78.)  The petitioner then tossed the food he had taken from the deli over a wrought-iron fence into an alleyway. (Tr. 33, 35-36, 97-99.)  Upon reaching Eighty-second Street and Lexington Avenue, the petitioner got into a taxicab that drove away. (Tr. 33.)

Based on various 911 calls, the police had a detailed description of the petitioner, and he was apprehended by Police Officer Darryl White walking northbound on Third Avenue between 102nd and 103rd Streets. (Tr. 106-108.)  Kim, who had been sitting in an ambulance since the altercation, was taken to 103rd Street and Third Avenue, where she identified the petitioner as the man who had robbed and hit her. (Tr. 95, 123.)

Following the petitioner's arrest, Police Officer Michael Delmerico went to the alley where the petitioner had thrown the

stolen items and saw a plastic container filled with food and a
full bottle of orange soda.  (Tr. 143-144, 149.)

At trial, the jury convicted the petitioner of Robbery in
the Second Degree.  (Tr. 256-258.)  At sentencing, the
petitioner was adjudicated a second felony offender and
sentenced to a determinate prison term of fifteen years.
(Sentencing Transcript ("S. Tr.") 3-4.)  The petitioner now
brings this petition for a writ of habeas corpus.

II.

Pursuant to the Antiterrorism and Effective Death Penalty
Act of 1996 ("AEDPA"), a federal court may grant habeas corpus
relief to a state prisoner on a claim that was adjudicated on
the merits in state court only if it concludes that the state
court's decision "was contrary to, or involved an unreasonable
application of, clearly established federal law, as determined
by the Supreme Court of the United States" or "was based on an
unreasonable determination of the facts in light of the evidence
presented in the State court proceeding."  28 U.S.C.
§ 2254(d)(1)-(2); see also Hawkins v. Costello, 460 F.3d 238,
242 (2d Cir. 2006).

In this case, this deferential standard of review does not
apply because none of the petitioner's claims are federal claims

4

that were actually decided on the merits in state court.  <u>See</u>

<u>Dolphy v. Mantello</u>, 552 F.3d 236, 238 (2d Cir. 2009).


                                III.

     The petitioner's first claim is that he was denied the

right to testify before the grand jury.  Because he raises this

claim solely on state law grounds, the petitioner does not

present an issue of federal law with respect to this claim.

Therefore, the claim cannot serve as a basis for habeas relief.

28 U.S.C. § 2254(a).  The New York state law "right to appear

before a grand jury is purely statutory."  <u>Velez v. New York</u>,

941 F. Supp. 300, 315 (E.D.N.Y. 1996).  It is provided by New

York Criminal Procedure Law section 190.50(5)(c).  Because the

petitioner relies exclusively on New York law for his grand jury

claim, the "[p]etitioner's assertion of a defective grand jury

proceeding . . . is not cognizable on federal habeas corpus."

<u>Velez</u>, 941 F. Supp. at 315.

     Even if this claim could be construed as a federal claim,

it would have no merit:

> [T]he petit jury's subsequent guilty verdict
> means not only that there was probable cause
> to believe that the defendant[] [was] guilty
> as charged, but also that [he is] in fact
> guilty as charged beyond a reasonable doubt.
> Measured by the petit jury's verdict, then,
> any error in the grand jury proceeding
> connected with the charging decision was
> harmless beyond a reasonable doubt.

United States v. Mechanik, 475 U.S. 66, 70 (1986).  Therefore,

any defect in the grand jury proceeding in this case would have

been cured by the petit jury's guilty verdict.  For the

foregoing reasons, the petitioner's claim that he was deprived

of his right to appear before the grand jury fails.

Moreover, any federal claim in connection with the

petitioner's grand jury argument was not exhausted, and is

procedurally barred and cannot serve as the basis for habeas

relief.  See Daye v. Attorney General, 696 F.2d 186, 191 (2d

Cir. 1983) ("The exhaustion requirement is not satisfied unless

the federal claim has been fairly presented to the state

courts." (internal quotation marks omitted)).  Although the

petitioner did raise a claim based on his alleged right to

testify before the grand jury on his appeal to the Appellate

Division (Gill Decl. Ex. A. at 38), the claim was based solely

on state law, specifically New York Criminal Procedure Law

section 190.50(5)(c).  In order to have exhausted a federal

claim, the petitioner would have had to raise a federal or

constitutional right to testify claim and then exhaust that

claim in state court.  Daye, 696 F.2d at 191 ("[T]he exhaustion

doctrine provides that a habeas petitioner seeking to upset his

state conviction on federal grounds must first have given the

state courts a fair opportunity to pass upon his federal

claim."). Because the petitioner failed to present his grand jury claim as a federal or constitutional claim in state court, it is unexhausted and therefore not cognizable by this Court on a petition for habeas corpus.

Moreover, any federal claim relating to the petitioner's grand jury appearance would be procedurally barred in state court because he could have raised the claim on his direct appeal and failed to do so, and could not raise it now in state court. See Ramirez v. Attorney General, 280 F.3d 87, 94 (2d Cir. 2001); Grey v. Hoke, 933 F.2d 117, 120-21 (2d Cir. 1991).

It is well settled that where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991); see also Muir, 2010 WL 2144250, at *6. The petitioner has failed to show cause or prejudice.

The second exception to the independent and adequate state grounds doctrine provides that a petitioner may obtain relief if he shows that a "fundamental miscarriage of justice" will result from failure to review his claim. See Muir, 2010 WL 2144250, at

7

*8.  However, the petitioner's case is not "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent . . . ."  Murray, 477 U.S. at 495-96.

IV.

The petitioner's second claim is that his fifteen-year sentence was illegal.  The petitioner contends that his 1989 conviction for Attempted Robbery in the Third Degree, which was used as a predicate felony, was previously reduced from a class E felony to a class A misdemeanor, which, if true, would mean he was not a predicate felon at the time of his sentencing.  The petitioner does not contend that his sentence is in violation of the United States Constitution or any federal law.  Because this claim does not raise an issue of federal or constitutional law, it is not cognizable on a petition for habeas corpus.  28 § U.S.C. 2254(a).  Additionally, as with the grand jury claim, any federal claim the petitioner could raise has not been exhausted in state court and is procedurally defaulted.  Because the claim is unexhausted and defaulted, it cannot serve as a basis for habeas relief, unless the petitioner shows cause and prejudice or manifest injustice which he has failed to do.  Daye, 696 F.2d at 191.

8

In any event, the petitioner's claim appears to be without merit.  The petitioner was sentenced as a second felony offender as a result of his prior conviction for Attempted Robbery in the Third Degree, a class E felony.  See  N.Y. Penal Law § 160.05 (Robbery in the Third Degree is a class D felony).  An attempt to commit a class D felony is a class E felony.  See N.Y. Penal Law § 110.05(6).  The petitioner admitted to this felony at the time of his sentencing.  (S. Tr. 3-6.)  Furthermore, his counselled Appellate Division brief concedes that he is a predicate felon.  (Gill Decl. Ex. A at 46.)  For the foregoing reasons, the petitioner's sentencing claim is dismissed.


V.

The petitioner's final claim is that he was not given notice that Ms. Buono, a witness for the People, would be providing an in-court identification of him, in violation of New York Criminal Procedure Law section 710.30(1), which requires that the State serve notice upon a defendant of its intention to offer "testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him as such . . . ."  As with his other two claims, this claim raises solely an issue of state law.  Because the claim does not present an issue of

federal or constitutional law, it is not cognizable by this

Court in a petition for habeas corpus.   28 U.S.C. § 2254(a);

see Arocho v. Walker, No. 01 Civ. 1367, 2001 WL 856608, at *3

(S.D.N.Y. July 27, 2001) ("Violation of the notice requirement

of New York Criminal Procedure Law § 710.30 is purely a matter

of state law and raises no constitutional issues for a habeas

court to review.").

       Additionally, the petitioner has failed to exhaust this

claim in state court.   The claim therefore cannot serve as a

basis for habeas relief.   Daye, 696 F.2d at 191.   It is also

procedurally barred from further review in state court because

the petitioner did not raise this claim on direct appeal.   See

N.Y. Crim. Proc. Law § 440.10.   Because the petitioner has

failed to show cause and prejudice, and because there is no

manifest injustice in failing to consider the claim, it is

barred.   Coleman, 501 U.S. at 750 (1991); see also Muir, 2010 WL

2144250, at *6.

       As with his other claims, the petitioner cannot demonstrate

cause for his failure to comply with section 440.10.

Furthermore, the petitioner's claim is without merit.   The

petitioner argues that Ms. Buono's testimony should have been

precluded pursuant to New York Criminal Procedure Law section

710.30 because the State did not provide him with notice that

Ms. Buono was going to identify him in court and because Ms.

Buono had never identified the petitioner prior to her in-court identification.  However, the statute only requires the disclosure of witnesses who previously made out-of-court identifications of the defendant.  The petitioner argues that there is no evidence that Ms. Buono ever identified him outside court.  (Am. Habeas Pet. A.)  The state agrees and a review of the trial transcript does not indicate any prior out-of-court identification.  However, contrary to the petitioner's contention, this would not indicate that the statute was violated.  Rather, it would indicate that the statute did not apply because there was no out-of-court identification to be disclosed.  For the foregoing reasons, the petitioner's notice claim is dismissed.

CONCLUSION

For the reasons explained above, the petition for habeas

corpus is **denied**.  Because the petitioner has failed to make a

substantial showing of the denial of a constitutional right, the

Court declines to issue a certificate of appealability pursuant

to 28 U.S.C. § 2253(c)(2).  The Clerk of the Court is directed

to enter judgment dismissing the petition and closing this case.

**SO ORDERED.**

**Dated:**      **New York, New York**
            **June 29, 2010**

John G. Koeltl
United States District Judge

12